UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| D.L.,<br><br>         Plaintiff,<br><br>vs.<br><br>KALAMAZOO PUBLIC SCHOOLS,<br><br>         Defendant. | Case No. 1:22-cv-01208<br><br>Hon. Robert J. Jonker<br><br>Related Case No. 1:22-cv-00838<br><br>**DEFENDANT'S MOTION TO DISMISS** |

Mitchell D. Sickon (P82407)
Erin H. Diaz (P80388)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
msickon@drmich.org
ediaz@drmich.org

Elizabeth Abdnour (P78203)
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
North Pointe Legal, PLLC
216 S. James St., P.O. Box 733
Ludington, MI 49431
(231) 431-0223
jbabinski@northpointelegal.com

*Attorneys for Plaintiff*

David W. Centner (P43071)
Jordan M. Bullinger (P72441)
Marshall W. Grate (P37728)
CLARK HILL PLC
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*

**DEFENDANT'S MOTION TO DISMISS**

Defendant Kalamazoo Public Schools, by its counsel, Clark Hill, PLC, hereby moves to dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5),

and 12(b)(6). In support, Defendant Kalamazoo Public Schools relies upon its brief in support and related exhibits which are filed contemporaneously herein.

                                            Respectfully submitted,

                                            CLARK HILL PLC

Dated: February 8, 2023                  By:   /s David W. Centner
                                                David W. Centner (P43071)
                                                Jordan M. Bullinger (P72441)
                                                Marshall W. Grate (P37728)

                                            200 Ottawa Avenue NW, Suite 500
                                            Grand Rapids, MI 49503
                                            (616) 608-1100
                                            jbullinger@clarkhill.com
                                            dcentner@clarkhill.com
                                            mgrate@clarkhill.com

                                            *Attorneys for Defendant*

# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| D.L.,<br>　　　　　Plaintiff,<br><br>vs.<br><br>KALAMAZOO PUBLIC SCHOOLS,<br><br>　　　　　Defendant. | Case No. 1:22-cv-01208<br><br>Hon. Robert J. Jonker<br><br>Related Case No. 1:22-cv-00838<br><br>**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS** |

| | |
|---|---|
| Mitchell D. Sickon (P82407)<br>Erin H. Diaz (P80388)<br>Disability Rights Michigan<br>4095 Legacy Parkway<br>Lansing, MI 48911<br>(517) 487-1755<br>msickon@drmich.org<br>ediaz@drmich.org<br><br>Elizabeth Abdnour (P78203)<br>Elizabeth Abdnour Law, PLLC<br>1100 W. Saginaw St., Ste. 4A-2<br>Lansing, MI 48915<br>(517) 292-0067<br>elizabeth@abdnour.com<br><br>Jacquelyn Babinski (P83575)<br>North Pointe Legal, PLLC<br>216 S. James St., P.O. Box 733<br>Ludington, MI 49431<br>(231) 431-0223<br>jbabinski@northpointelegal.com<br><br>*Attorneys for Plaintiff* | David W. Centner (P43071)<br>Jordan M. Bullinger (P72441)<br>Marshall W. Grate (P37728)<br>CLARK HILL PLC<br>200 Ottawa Avenue NW, Suite 500<br>Grand Rapids, MI 49503<br>(616) 608-1100<br>jbullinger@clarkhill.com<br>dcentner@clarkhill.com<br>mgrate@clarkhill.com<br><br>*Attorneys for Defendant* |

## DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant, Kalamazoo Public Schools, by its counsel, Clark Hill, PLC, submits this brief in support of its motion to dismiss Plaintiff's Complaint (ECF No. 1) pursuant to Fed. R. Civ. P. Rules 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

### I.     INTRODUCTION

This case represents a tardy effort to appeal an Administrative Law Judge's Decision and Order dated October 13, 2022.  Plaintiff failed to appeal properly within the statutory 90-day appeal period and, as a result, the Court does not have subject matter jurisdiction of this case.  In addition, service of process was insufficient and ineffective, and it is simply too late to correct that error under both federal and state law.  Plaintiff's Complaint (ECF No. 1) must be dismissed with prejudice.

### II.     STATEMENT OF FACTS

Plaintiff D.L. was a special education student who, at relevant times, was a student in the Kalamazoo Public Schools. (ECF No. 1, PageID.4-5).  He graduated from high school in June 2021. (ECF No. 1, PageID.9).  Defendant Kalamazoo Public Schools (the "District") is a public school district and a public governmental entity. (Id.).  In this case, Plaintiff, who has various impairments including a reading disorder and ADHD, alleges that he was permitted to graduate high school at a third-grade reading level. (ECF No. 1, PageID.2, 4, footnote 1).  Plaintiff further alleges that Defendant Kalamazoo Public Schools failed to evaluate D.L. for illiteracy, misunderstood the nature of his disability, and failed to support him appropriately while a student in the Kalamazoo Public School District. (ECF No. 1, PageID.2).

On October 21, 2021, in accordance with the requirements for Plaintiff to exhaust administrative remedies, Plaintiff filed a Complaint and Request for a Special Education Due Process Hearing in the Michigan Office of Administrative Hearings and Rules (MOAHR) against

2

the Kalamazoo Public Schools, the Kalamazoo Regional Education Service Agency (KRESA), the Michigan Department of Education, and the Kalamazoo Public Schools Superintendent, in this official capacity, pursuant to the IDEA, 20 U.S.C. §§ 1400 et seq., and various other laws and regulations. (ECF No. 1, PageID.5, footnote 2).[1] The administrative case before the MOAHR was assigned Case No. 21-027515. (ECF No. 1, PageID.15, footnote 5).

On December 20, 2021, in ruling on a motion for summary disposition, the Administrative Law Judge dismissed all parties other than the Kalamazoo Public Schools and all claims other than those arising under the IDEA. (Id.). The remaining IDEA claims against the Kalamazoo Public Schools proceeded to a Due Process Hearing before an Administrative Law Judge ("ALJ"), which took place over 4 days during 2022 and included numerous testifying lay and expert witnesses. (ECF No. 1, PageID.10).

On October 13, 2022, the Administrative Law Judge issued his Due Process Hearing Decision and Order, which was served out the same day. A copy of the ALJ's Decision and Order, including the Proof of Service on the last page, is attached hereto as **Exhibit A**. This federal court action seeks to appeal and vacate the ALJ's October 13, 2022 Decision and Order. (ECF No. 1, PageID.11, 20-21). Under both federal and state law, Plaintiff had ninety (90) days to appeal the ALJ's Decision and Order, which 90-day period expired on January 11, 2023.[2]

---

[1] The IDEA is a Spending Clause statute that seeks to ensure that "all children with disabilities have available to them a free appropriate public education" (FAPE), 20 U.S.C. § 1400(d)(1)(A). "[T]he core of the statute ... is the cooperative process that it establishes between parents and schools," and the "central vehicle for this collaboration is the [Individualized Education Program] IEP process." *Schaffer ex rel. Schaffer v. Weast,* 546 U.S. 49, 53.Ct. 528, 163 L.Ed.2d 387 (2005).

[2] The IDEA, specifically 20 U.S.C. § 1415(i)(2)(B), provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." Michigan law provides that "[a]ny party who is aggrieved by the final decision in a hearing conducted under this rule may appeal to a court of competent jurisdiction within 90 days after the mailing date of the final decision." MICH. ADMIN. CODE R. 340.1724f(7).

3

In its quest to appeal the ALJ's Decision and Order, pursuant to 20 U.S.C. § 1415(i)(2)(A) Plaintiff filed his Complaint in this court on December 20, 2022. (ECF No. 1, PageID.1, 11). At the time of filing of the Complaint, presumably in error, no proposed Summons was filed with the Complaint or otherwise submitted to the Clerk. The Docket on December 22, 2022 bears the following notation: "Summons Not Provided." (Docket). Over three weeks later, on January 12, 2023, and after the 90-day appeal period expired, a proposed Summons finally was filed with the court for issuance. (Docket; ECF No. 4, PageID.26). The Deputy Clerk subsequently issued the Summons to Defendant Kalamazoo Public Schools on January 13, 2023. (ECF No. 5, PageID.27).

On January 18, 2023, Plaintiff's process server, Mr. Elton Thomas of Clinton Township, Michigan, attempted to serve Defendant Kalamazoo Public Schools. (ECF No. 6, PageID.28). According to his Proof of Service, on January 18, 2023, the process server delivered the Summons and Complaint to a Ms. Kelly Davis at the Kalamazoo Public Schools. (Id.). Kelly Davis is an administrative employee in the District's Human Resources Department, which is separate and distinct from the Superintendent's Office. See Declaration of Kelly Davis, attached hereto as **Exhibit B**. (Exh. B, ¶¶ 5-9). She also does not work for or report to the District President, Secretary, or Treasurer. (Exh. B, ¶ 9). Ms. Davis is not the Superintendent of the District, not an officer, not a member of Board of Education, and not a person authorized by law to accept service of process for the District. (Exh. B, ¶¶ 9-11).

In light of the foregoing errors and defects, Defendant Kalamazoo Public Schools now moves the Court to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6).

### III.     ARGUMENT

#### A. The Applicable Standards for the Motion to Dismiss.

"Federal courts are courts of limited jurisdiction." *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701 (1982). Indeed, the Court is obliged to dismiss an action "at any time" it decides that "it lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3). "When the defendant challenges subject matter jurisdiction through a motion to dismiss, the plaintiff bears the burden of establishing jurisdiction." *Angel v. Kentucky,* 314 F.3d 262, 264 (6th Cir.2002) (quoting *Hedgepeth v. Tennessee,* 215 F.3d 608, 611 (6th Cir.2000)). "In reviewing a 12(b)(1) motion, the court may consider evidence outside the pleadings to resolve factual disputes concerning jurisdiction, and both parties are free to supplement the record by affidavits." *Nichols v. Muskingum Coll.,* 318 F.3d 674, 677 (6th Cir.2003).

Fed. R. Civ. P. 12(b)(2) provides that an action may be dismissed for lack of personal jurisdiction. In this case, Defendant argues that the Court lacks jurisdiction over the District because no Summons was issued until after the applicable 90-day appeal period expired. Without personal service, a district court is without jurisdiction to render judgment against a defendant. *Friedman v. Estate of Presser,* 929 F.2d 1151, 1156 (6th Cir.1991).

Fed. R. Civ. P. 12(b)(5) authorizes the court to dismiss a complaint for insufficiency of service of process. *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). The party on whose behalf service of process was made has the burden of establishing its validity. *Shires v. Magnavox Co.*, 74 F.R.D. 373, 377 (E.D. Tenn. 1977). In deciding a motion to dismiss under Rule 12(b)(5), the court may refer to record evidence in determining the sufficiency of service. *See Metropolitan Alloys Corp. v State Metal Industries,* 416 F.Supp.2d 561, 563 (E.D. Mich. 2006); *Thompson v. Kerr*, 555 F. Supp. 1090, 1093 (S.D.

5

Ohio 1982). The court also may consider facts attested to in uncontroverted affidavits in ruling on a Rule 12(b)(5) motion to dismiss. *Shires*, 74 F.R.D. at 376-77.

Under Fed. R. Civ. P. 12(b)(6), a court must assess whether the plaintiff has stated a claim upon which relief may be granted. FED. R. CIV. P. 12(b)(6). Dismissal under Rule 12(b)(6) is proper when the applicable statute of limitations (or other statutory deadline) bars the claim. *Jones v. Bock,* 549 U.S. 199, 215 (2007). In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court will "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The Federal Rules of Civil Procedure require only that a plaintiff provide "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The court must determine only whether "the claimant is entitled to offer evidence to support the claims," not whether the plaintiff can ultimately prove the facts alleged. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). The complaint's allegations, however, "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To establish the "facial plausibility" required to "unlock the doors of discovery," the plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action" but, instead, must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678—79 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679; *Twombly*, 550 U.S. at 556.

For purposes of this motion to dismiss, the Court may consider the ALJ's Decision and Order, attached hereto as Exhibit A, since the decision is referred to in the Plaintiff's Complaint (ECF No. 1, PageID.5, 11, 15, footnote 5, 20) and it is central to Plaintiff's claim since this action seeks to appeal the ALJ's Decision and Order.  See *Weiner, D.P.M. v. Klais and Co.,* 108 F.3d 86, 88 n. 3 (6th Cir.1997); s*ee also Bassett v. NCAA,* 528 F.3d 426, 430 (6th Cir.2008).

### B. Plaintiff's Action is Time Barred and Must Be Dismissed.

This Court has original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  The IDEA, a federal statute, provides, in pertinent part, that an aggrieved party "shall have the right to bring a civil action with respect to the complaint presented pursuant to this section, which action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy." 20 U.S.C. § 1415(i)(2)(A).  The IDEA further provides that "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to bring such an action, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B).  With respect to what Michigan law allows, "[a]ny party who is aggrieved by the final decision in a hearing conducted under this rule may appeal to a court of competent jurisdiction within 90 days after the mailing date of the final decision." MICH. ADMIN. CODE R. 340.1724f(7).

If a party does not comply with the applicable deadlines for filing an IDEA appeal, the district court must dismiss the case for a lack of subject-matter jurisdiction. *Cleveland Heights– Univ. Heights City Sch. Dist. v. Boss By & Through Boss,* 144 F.3d 391, 396 (6th Cir.1998).  In *Boss*, at 396-397, the Sixth Circuit held that Ohio's 45–day rule was the applicable time limit for the filing of an appeal from state level review under the IDEA (the action "was filed in the district

7

court seventy-eight days after the decision was issued, it was indeed untimely"); *See, also, e.g., Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.,* No. 3:12CV00187, 2012 WL 3808902, at *2 (N.D.Ohio Aug.8, 2012) (declining to grant the plaintiff "a reprieve from [the deadline's] constraints because the appeal was merely a day late"); *Children's Ctr. for Developmental Enrichment v. Machle,* No. 2:08–CV–817, 2009 WL 585817, at *5 (S.D.Ohio Mar.6, 2009)) (granting the defendants' motion to dismiss the plaintiff's appeal for lack of subject-matter jurisdiction where the plaintiff filed its action 169 days after entry of the SLRO's Final Decision) *aff'd,* 612 F.3d 518 (6th Cir.2010).

An analysis of the applicable deadlines and the events in this case reveals that the Court does not have subject-matter jurisdiction of this matter. For purposes of this motion, the following chronology is instructive:

| | |
|---|---|
| 10-13-2022 | ALJ Decision and Order and date of service (PageID.15; Exh. A). |
| 12-20-2022 | Case No. 1:22-cv-01208 filed (Docket). |
| 01-11-2023 | Ninety (90) days from ALJ Decision and Order and service. |
| 01-12-2023 | Proposed Summons submitted to the Clerk (PageID.26). |
| 01-13-2023 | Summons issued by the Deputy Clerk (PageID.27). |
| 01-18-2023 | Defective service date (PageID.28). |

Based on the foregoing undisputed facts, Plaintiff filed his Complaint <u>before</u> the 90-day statutory period expired, but it was not until <u>after</u> the 90-day statutory appeal period expired that Plaintiff finally filed a proposed Summons with the Clerk so that a Summons could be issued. Also subsequent to the 90-day appeal period was the issuance of the Summons, the placement of the Summons into the hands of a process server, and the defective service of process on the District.

8

Merely filing a complaint is not sufficient to start a federal lawsuit.  Fed. R. Civ. P. Rules 3 and 4, which govern the filing of a complaint and the issuance of summons respectively, must be construed *together* as the joint requirements for properly commencing an action in federal court. *L.G. Defelice & Son, Inc. v. Globe Indem. Co.*, 23 F.R.D. 275, 278 (S.D.N.Y. 1959).  The Advisory Committee on Rules has provided that Rule 3 constitutes the first "step" in an action, but Rule 4 must be followed "forthwith" by issuing a summons.  *See* Notes of Advisory Committee on Rules, 1937 Adoption.  Fed. R. Civ. P. 3 is to be "read harmoniously" with many of the other federal rules and "of particular relevance" is the intersection between filing the complaint and following the processes of Rule 4.  4 C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 1053 (4th ed.).

Courts within the Sixth Circuit, including this Court, have acknowledged and supported the view that "service of a summons is required to commence a civil action in federal court." See, e.g., *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13CV441, 2014 WL 4388366, at *5 (W.D. Mich. Sept. 5, 2014), citing *United States v. Perez,* 752 F.3d 398, 404 (4th Cir.2014).  As this Court explained by quoting from *Perez* at 404:

> A civil action in federal court commences with the filing of a complaint, *see* Fed.R.Civ.P. 3, **and** personal service of a summons and a copy of the complaint upon the defendant, *see* Fed.R.Civ.P. 4(c)(1).  Rule 4 dictates that the summons must, among other things, identify the court and the parties; apprise the defendant when he or she must appear to defend against the allegations; and warn the defendant that failure to appear will result in a default judgment in favor of the plaintiff. *See* Fed.R.Civ.P. 4(a)(1).  If the summons is not served on the defendant within 120 days after the complaint is filed, dismissal is required unless the district court extends the time for good cause shown. *See* Fed.R.Civ.P. 4(m). (emphasis supplied.)

Both Federal Rules 3 and 4 have been referred to as the *rules* that are involved in the commencement process, rather than reading Rule 3 in isolation. *Hixon v. Highsmith*, 147 F. Supp. 801, 802 (E.D. Tenn. 1957).  Even beyond courts' attempts to carve out when and how an action is "commenced" under both rules – the central purpose of issuing a summons remains clear:  a

defendant must have knowledge of a complaint filed against him. *Hanna v. Plumer*, 380 U.S. 460, 478, n.1 (1965); *see also Yudin v. Carroll*, 57 F. Supp. 793, 799 (W.D. Ark. 1944) ("Unless both provisions are read and considered together substantive rights of persons may be seriously affected without their knowledge that a complaint has been filed in the office of the clerk."); see also 2 Moore's Federal Practice, Second Edition, 735–736, 745–746.

The function performed by service of a civil summons under Fed. R. Civ. P. 4 is to assert the district court's jurisdiction over a person or entity. "Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied. Service of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.,* 484 U.S. 97, 104 (1987) (internal quotation marks and alteration omitted). Therefore, a defendant who does not receive a summons within the applicable period can no longer be subject to legal liability. In fact, so important is the Summons to the civil case commencement process that, on the Western District's standard Summons form, AO 440 (Rev. 01/09) Summons in a Civil Action – MIWD (Rev. 07/15), only the "summons" is listed as the document being served, and there is no mention of the "complaint" anywhere in the Proof of Service section of the form.[3]

As noted, above, under the IDEA, "[t]he party bringing the action shall have 90 days from the date of the decision of the hearing officer to **bring such an action**, or, if the State has an explicit time limitation for bringing such action under this subchapter, in such time as the State law allows." 20 U.S.C. § 1415(i)(2)(B) (emphasis supplied). Michigan law provides that "[a]ny

---

[3] The form can be located at:
<https://www.miwd.uscourts.gov/sites/miwd/files/AO_440%20MIWD%20Summons.pdf>.

10

party who is aggrieved by the final decision in a hearing conducted under this rule **may appeal** to a court of competent jurisdiction within 90 days after the mailing date of the final decision." MICH. ADMIN. CODE R. 340.1724f(7). (emphasis supplied).  Neither statute mentions the "complaint" or otherwise provides that the mere filing of a "complaint" satisfies the requirement to "bring such an action" or to "appeal" within 90 days of the administrative decision.  In short, there is more to bringing an action in federal court than just filing a complaint.

The appellate deadlines established by the IDEA, 20 U.S.C. § 1415(i)(2)(A), and Michigan law, MICH. ADMIN. CODE R. 340.1724f(7), are jurisdictional.  Like any appeal, jurisdiction is transferred to the appellate court immediately upon an effective appeal.  Here, Plaintiff had 90 days to appeal.  Unlike a statute of limitations or other deadline that is subject to tolling and other equitable modifications, appellate deadlines are firm and fixed.  In the case of *Bowles v. Russell*, the Supreme Court concluded that deadlines that are statutorily imposed in civil cases are mandatory and jurisdictional. 551 U.S. 205, 127 S.Ct. 2360, 2364-66, 168 L.Ed.2d 96 (2007); see also 28 U.S.C. § 2107(c).  In reaching this conclusion, the Court clarified the distinction between jurisdictional rules (where the timelines are dictated by statute) and claim-processing rules (where the timelines are dictated by procedural rules and time prescriptions adopted by the court). *Bowles*, 127 S.Ct. at 2364-66.  The Court concluded that jurisdictional rules are mandatory; therefore, their time limits cannot be waived." *Cook v. United States*, 246 F. App'x 990 (6th Cir. 2007).

In a standard appeal under the Federal Rules, from the trial court to the appellate court, an appeal is effective upon the filing of a notice of appeal.  Fed. R. App. P. 3.  "In general, filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 379, 105 S.Ct. 1327 (1985) (citing *Griggs v. Provident Consumer*

11

*Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400(1982)(per curiam)).  Rule 4 sets forth when an appeal must be taken.  Fed. R. App. P. 4.

The Supreme Court has held that a court "may not waive the jurisdictional requirements of Rules 3 and 4, even for 'good cause shown' under Rule 2, if it finds that they have not been met." *Torres v. Oakland Scavenger Co.,* 487 U.S. 312, 317, 108 S.Ct. 2405, 101 L.Ed.2d 285 (1988).  The Sixth Circuit has emphasized in a similar vein that "strict obedience" to Rule 3(c), in federal appeals, is warranted, even though it "may have harsh results in certain circumstances." *Minority Employees v. Tennessee Dep't of Employment Sec.,* 901 F.2d 1327, 1329 (6th Cir.1990) (*en banc*); *United States v. Universal Mgmt. Servs., Inc.,* 191 F.3d 750, 757 (6th Cir.1999).  The Supreme Court has declared it is "convinced that the harshness ... is 'imposed by the legislature and not by the judicial process.'" *Torres,* 487 U.S. at 318, 108 S.Ct. 2405 (quoting *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986)).  These statements serve to reinforce the principle that federal courts are courts of limited jurisdiction with "only such jurisdiction as is defined by the Constitution and granted by Congress." *Gross v. Hougland,* 712 F.2d 1034, 1036 (6th Cir.1983).

The filing of a notice of appeal, which includes notice to the opposing party, is an event of jurisdictional significance.  *Griggs* at 58.  Notably, no other document is required for that type of appeal.  The filing of the notice of appeal transfers jurisdiction over the action and the parties to the appellate court.

An appeal from an administrative agency or proceeding to this court is materially different.  Despite the filing of a complaint, something more must occur; namely, the issuance and service of a summons.  Without the issuance of a summons, no jurisdiction can be obtained over the named party and no notice consistent with due process can be provided to the opposing party.  The purpose

12

of a Summons, like a notice of appeal under Fed. R. App. P. 3, is "to ensure that the filing provides sufficient notice to other parties and the courts." *Smith v. Barry*, 502 U.S. 244, 248 (1992). Sufficient notice is necessary to "satisf[y] fairness and due process concerns." *Pryor v. Holder*, 436 F. App'x 471, 477 (6th Cir. 2011); *Isert v. Ford Motor Co.*, 461 F.3d 756, 758-59 (6th Cir. 2006). Improper notice leaves the court with "not even a clue" as to what a party is seeking on appeal, and "creates enormous potential for 'inconsistency, vagueness, and an unnecessary multiplication of litigation.'" *United States v. Glover*, 242 F.3d 333, 337 (6th Cir. 2001) (citing *Minority Emps. of the Tennessee Dep't of Emp. Sec., Inc. v. State of Tenn., Dep't of Emp. Sec.*, 901 F.2d 1327, 1329 (6th Cir. 1990).

Here, Plaintiff filed his Complaint on December 20, 2022, yet did nothing else for over 3 weeks, and not until after the 90-day appeal period expired. No notice was provided and no summons was issued or served during the appeal period, leaving the ALJ, the MOAHR, and the Kalamazoo Public Schools to understand that the October 13, 2022 ALJ Decision and Order had become final as to the District. This situation created the potential for the type of "inconsistency, vagueness, and an unnecessary multiplication of litigation" that should be avoided, as discussed in *United States v. Glover*, at 337. As a matter of public policy, when it comes to appeals from an administrative agency, allowing any delay between the filing of the complaint under Rule 3 and the filing and subsequent issuance of the summons under Rule 4 creates a void of uncertainty during the interim time period when it is unclear which forum has control over the action and jurisdiction over the parties.

Fed. R. Civ. P. Rules 3 and 4 must be read together. As stated in this Court's ruling in *Shelton v. Michigan Turkey Producers Co-op., Inc., supra,* "a summons is required to commence a civil action in federal court." Plaintiff's mere filing of the Complaint, without a Summons being

submitted, issued or served, failed to provide any notice to the Defendant, failed to satisfy due process considerations, and failed to commence this action before the expiration of the 90-day statutory appeal period.  Since the 90-day period is jurisdictional, the result is the same whether Plaintiff was 2 days late or 20 days late.  As a consequence, the Court does not have subject-matter jurisdiction of this case and it must be dismissed. See *Cleveland Heights–Univ. Heights City Sch. Dist. v. Boss By & Through Boss,* 144 F.3d 391, 396 (6th Cir.1998).

### C. Service of Process on the Kalamazoo Public Schools Was Insufficient and Defective.

Defendant Kalamazoo Public Schools is a public school district and a public governmental agency. (ECF No. 1, PageID.4-5, 18-19).  The requirements under both federal law and state law for service of process on a public school district are clear.  Fed. R. Civ. P. 4(j)(2) provides that "a state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:  (A) delivering a copy of the summons and the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  Under state law, the manner prescribed in Michigan for serving a school district is set forth in MCR 2.105(G), which applies to Public Corporations.  MCR 2.105(G)(5) provides that service may be made upon "the president, the secretary, or the treasurer of a school district".  Michigan's Revised School Code similarly provides that "[s]ervice of process in an action or proceeding against a school district or an intermediate school district may be made upon the president, secretary, or treasurer of the board of the school district or the intermediate school district." MCL § 380.1641.

At the time of filing of this action on December 20, 2022, the Interim Superintendent for Kalamazoo Public Schools was Cindy Green.[4]  Information regarding Interim Superintendent Green's title, duties, contact information, and support staff are all publicly available on the district website. See, <https://www.kalamazoopublicschools.com/Page/1305>.  Information regarding other district leadership, including the identity and contact information of other senior leadership, is also on the district website. See, <https://www.kalamazoopublicschools.com/Page/1457>.  In addition, the identity and contact information for the Kalamazoo Public Schools' Board of Education, including the President (Ms. TiAnna Harrison), Treasurer (Mr. Jermaine Jackson), Secretary (Megan Haddock), and the Trustees of the District are readily available on the district website.  See, <https://www.kalamazoopublicschools.com/Page/1286>.

Plaintiff did not serve any of the foregoing individuals.  Rather, according to Plaintiff's court filing, Plaintiff attempted to serve Defendant by personally serving "Kelly Davis" on behalf of the Kalamazoo Public Schools. (ECF No. 6, PageID.28).  Kelly Davis ("Ms. Davis") is an administrative staff person who works in the Human Resources Department of the Kalamazoo Public Schools. (Exh. B, ¶¶ 4-5).  Ms. Davis's information, including her title and department, is also readily located and set forth on the Staff Directory which is also on the district website. See, <https://www.kalamazoopublicschools.com/Page/1725>.  Ms. Davis is not the Superintendent and she does not report to or work directly for the Office of Superintendent. (Exh. B, ¶¶ 4-6).  Further, the Kalamazoo Public School's Human Resources Department is a separate department from the Office of Superintendent. (Exh. B, ¶ 7).  The distinction is evident on the district's website, including the separate departments of Human Resources and the Superintendent's Office.  See, <https://www.kalamazoopublicschools.com/Page/38>.  Ms. Davis is not an elected official, and

---

[4] Effective December 12, 2022, Interim Superintendent Green agreed to serve on an interim basis after the former chief executive officer, Superintendent Rita Raichoudhuri, resigned.

she does not report to or work for the District's President, Secretary or Treasurer. (Exh. B, ¶¶ 9-10).   She is also not otherwise authorized to accept service of process on behalf of the District. (Exh. B, ¶ 11).

In short, Plaintiff's effort to serve Defendant Kalamazoo Public Schools, by the process server handing the Summons and Complaint to Ms. Davis, an administrative-level staff person in the District's Human Resources Department, was ineffective in that it failed to comply with Fed. R. Civ. P. 4(j)(2), MCR 2.105(G), and Michigan's Revised School Code, MCL § 380.1641.

In light of the foregoing, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(5).

### IV.   CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) must be dismissed with prejudice.

Respectfully submitted,

CLARK HILL PLC

Dated:  February 8, 2023

By:   /s David W. Centner
    David W. Centner (P43071)
    Jordan M. Bullinger (P72441)
    Marshall W. Grate (P37728)

200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*