# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

D.L.,

              Plaintiff,

vs.

KALAMAZOO PUBLIC SCHOOLS,

              Defendant.

Case No. 1:22-cv-01208

Hon. Robert J. Jonker

Related Case No. 1:22-cv-00838

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

---

Mitchell D. Sickon (P82407)
Erin H. Diaz (P80388)
**Disability Rights Michigan**
msickon@drmich.org
ediaz@drmich.org

Elizabeth Abdnour (P78203)
**Elizabeth Abdnour Law, PLLC**
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
**MI AECRES**
jbabinski@miaecres.org

*Attorneys for Plaintiff*

David W. Centner (P43071)
Jordan M. Bullinger (P72441)
Marshall W. Grate (P37728)
**CLARK HILL PLC**
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*

---

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

## <u>TABLE OF CONTENTS</u>

Index of Authorities ................................................................................ii

Introduction ............................................................................................1

Argument ................................................................................................1

    A.Plaintiff's Complaint was Timely Filed .......................................2

    B. Plaintiff's Complaint is a Sufficiently Pled Original Action in Federal District Court .............................................................................7

    C. Plaintiff Properly Served Defendant Establishing Personal Jurisdiction ..........................................................................................12

Conclusion .............................................................................................17

Plaintiff's Certificate of Compliance .....................................................18

# <u>INDEX OF AUTHORITIES</u>

**Page(s)**

## CASES

*Albright v. Christenson*
    24 F.4th 1039 (6th Cir. 2022) .........................................................3

*Chulsky v. Golden Corral Corporation*
    583 F.Supp.3d 1059 (S.D. Ohio 2022) .....................................6, 16

*Farley v. Koepp*
    788 F.3d 681 (7th Cir. 2015) .........................................................3

*Foman v. Davis*
    371 U.S. 178 (1962) .......................................................................16

*Gaylor v. Hamilton Crossing CMBS*
    582 Fed. Appx. 576 (6th Cir. 2014) .............................................10

*Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*
    491 F.3d 320 (6th Cir. 2007). .......................................................10

*Griffin v. City of Sturgis*
    No. 1:09-CV-1126, 2010 WL 2681050
    (W.D. Mich. July 6, 2010) .............................................................14

*Henderson v. U.S.*
    517 U.S. 654 (1996) ................................................3, 5, 13, 17

*Hixon v. Highsmith*
    147 F. Supp. 801 (E.D. Tenn. 1957) .............................................6

*In re Nat'l Prescription Opiate Litig.*
    440 F. Supp. 3d 773 (N.D. Ohio 2020) .......................................10

*Jaguar Trading Ltd. P'ship v. Presler*
    289 Mich. App. 319, 808 N.W.2d 495 (2010) ..............................4

*Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ.*
    20 F.4th 835 (4th Cir. 2021) ..........................................................8

## INDEX OF AUTHORITIES - Continued

**Page(s)**

*Jonathan H. v. Souderton Area Sch. Dist.*
    562 F.3d 527 (3d Cir. 2009) ...........................................................8

*Jones v. Bock*
    549 U.S. 199 (2007) ......................................................................12

*King v. Taylor*
    694 F.3d 650 (6th Cir. 2012) .......................................................12

*McLaughlin v. CNX Gas Co., LLC*
    639 F. App'x 296 (6th Cir. 2016) ................................................14

*Metro. Alloys Corp. v. State Metals Indus., Inc.*
    416 F. Supp. 2d 561 (E.D. Mich. 2006) ......................................13

*Musson Theatrical Inc. v. Fed. Express Corp.*
    89 F.3d 1244 (6th Cir. 1996) .......................................................10

*Ruben A. v. El Paso Indep. Sch. Dist.*
    414 F. App'x 704 (5th Cir. 2011) ..................................................8

*Shelton v. Michigan Turkey Producers Co-op., Inc.*
    No. 1:13CV441, 2014 WL 4388366
    (W.D. Mich. Sept. 5, 2014) ...........................................................6

*Tackett v. M & G Polymers, USA, LLC*
    561 F.3d 478 (6th Cir. 2009) .......................................................11

*United States v. Wahl*
    583 F.2d 285 (6th Cir. 1978) .........................................................6

*U.S. v. Wong*
    575 U.S. 402 (2015) ......................................................................4

*Weiner v. Klais & Co.*
    108 F.3d 86 (6th Cir. 1997) .........................................................15

## INDEX OF AUTHORITIES - Continued

**Page(s)**

*West v. Conrail.*
    481 U.S. 35 (1987) ...............................................................2, 3, 17

## CONSTITUTIONAL, STATUTORY AND
## REGULATORY PROVISIONS

20 U.S.C. 1400 et seq. ...........................................................1

20 U.S.C. 1415(i)(2)(B) ..........................................................2

20 U.S.C. 1415(i)(3)(A) ..........................................................7

28 U.S.C. 2107 ....................................................................8

34 C.F.R. 300.516(a) .............................................................2

34 C.F.R. 300.516(b) .............................................................2, 4

## OTHER AUTHOTITIES

4 Fed. Prac. & Proc. Civ. § 1053 (4th ed. 2022) ...................5

71 Fed. Reg. 46707-8 (Aug. 14, 2006) ...............................2

Black's Law Dictionary (11th ed. 2019) ..............................2

Fed. R. App. P. 1 .................................................................8

Fed. R. Civ. P. 12(b)(1) .......................................1, 4, 10-11

Fed. R. Civ. P. 12(b)(2) .......................................1, 4, 10-11

Fed. R. Civ. P. 12(b)(5) .......................................1, 10, 12-13

Fed. R. Civ. P. 12(b)(6) .......................................1, 4, 10-12

## INDEX OF AUTHORITIES - Continued

**Page(s)**

Fed. R. Civ. P. 3 .............................................................................*passim*

Fed. R. Civ. P. 4 .............................................................................*passim*

Fed. R. Civ. P. 4(b) ......................................................................5

Fed. R. Civ. P. 4(d)(1) ...................................................................5

Fed. R. Civ. P. 4(j)(2)(a) ...............................................................15

Fed. R. Civ. P. 4(j) .......................................................................13

Fed. R. Civ. P. 4(m) ...........................................................5, 7, 13, 16

Fed. R. Civ. P. 5(d) .......................................................................3

Fed. R. Civ. P. 5(d)(2)(A) ...............................................................2

MCR 2.101(A) and (B) ....................................................................4

Mich. Ct. Rule 2.105 ...............................................................14, 15

Mich. Ct. Rule 2.105(G) ................................................................13

W.D. Mich. LCivR 7.1(d) ................................................................9

## INTRODUCTION

Defendant's Motion to Dismiss asserts four bases for dismissal and is brought pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(2), 12(b)(5), and 12(b)(6). Mot. to Dismiss, ECF No. 7, PageID.32. One of those bases, failure to state a claim, is advanced with no analysis or argument and is, at best, a reiteration of Defendant's subject-matter and personal jurisdiction arguments. The second, insufficient service, relates purely to a service of process issue that is now indisputably moot. The final two bases—that this Court lacks subject-matter and personal jurisdiction because Plaintiff did not effectuate service before the statutory filing deadline—are meritless.

## ARGUMENT

The laws at issue are simple, and the facts here are simple likewise. As the arguments below detail, Plaintiff's complaint is sufficiently pled, timely filed, and properly served under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1400 *et seq*. Nothing in Defendant's motion calls those facts into question.

The arguments advanced in Defendant's motion demonstrate a misunderstanding of Fed. R. Civ. P. 3 and 4 and are precluded by Sixth Circuit Court of Appeals and U.S. Supreme Court precedent. This Court should deny Defendant's motion, and this action should proceed.

## A. Plaintiff's Complaint Was Timely Filed

The laws of commencing an original IDEA civil action are simple. After a hearing officer or administrative law judge (ALJ)'s final decision, a plaintiff wishing to challenge that decision has 90 days to "bring" or "file a civil action" in federal court. 20 U.S.C. 1415(i)(2)(B); 34 C.F.R. 300.516(b).[1] A civil action is commenced by "filing a complaint with the court," Fed. R. Civ. P. 3, and filing a complaint with the court is done by "delivering it . . . to the clerk." Fed. R. Civ. P. 5(d)(2)(A).

If the complaint is filed within the statute of limitations period, it is timely filed even when service of process occurs after the statute of limitations. In *West v. Conrail*, the Supreme Court clearly stated that "Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is *commenced* by *filing* a complaint with the court, and Rule 4 governs the procedure for effectuating service and the period within which service must be made." 481 U.S. 35, 39 (1987) (emphasis added);[2] *see*

---

[1] The two phrases "bring a civil action" and "file a civil action" are used interchangeably in the IDEA. *Compare* 20 U.S.C. 1415(i)(2)(B) and 34 C.F.R. 300.516(a) *with* 34 CFR 300.516(b); *see also* 71 Fed. Reg. 46707-8 (Aug. 14, 2006) (After the most recent reauthorization of IDEA, the U.S. Dep't of Educ. discussed amendments to 34 C.F.R. 300.516 using "bring" interchangeably with "file" when referring to challenging an ALJ decision by commencing an original civil action in federal court.). This squares with the typical usage of those terms. *Compare* "bring an action" – To sue; institute legal proceedings, *with* "file" – 1. To deliver a legal document to the court clerk or record custodian for placement in the official record; 2. To commence a lawsuit. Black's Law Dictionary (11th ed. 2019).

[2] In *West v. Conrail*, the plaintiff filed his complaint in a "hybrid" suit under the Railway Labor Act within the 6-month statute of limitations period, but mailed the summonses and complaints after the 6-month statute of limitations period had run. *Id.* at 36. The Supreme Court had previously determined that the 6-month period from §10 of the National Labor Relations Act

*also Henderson v. U.S.*, 517 U.S. 654, 657 & fn. 2 (1996) ("[Henderson] brought his action well within [the statute of limitations]. He commenced suit, as Federal Rule of Civil Procedure 3 instructs, simply 'by filing a complaint with the court.'").

The Sixth Circuit agrees with the simple interpretation of "commencing suit" under Rule 3 put forward in *West* and *Henderson*. *See Albright v. Christenson*, 24 F.4th 1039, 1046 (6th Cir. 2022) (stating that a complaint must be filed "to commence an action—nothing more"); *see also Farley v. Koepp*, 788 F.3d 681, 686 (7th Cir. 2015) (holding that "under Fed. R. Civ. P. 5(d) a complaint is 'filed' on the date it is delivered to the clerk . . . and under Rule 3 the action is 'commenced' on that date. . .").

The facts here are equally simple. The parties agree that the ALJ issued a final decision on October 13, 2022, giving Plaintiff until no later than January 11, 2023, to commence his civil action challenging that decision. Compl., ECF No.1, PageID.20; Mot. to Dismiss, PageID.38. The parties agree that Plaintiff's Complaint

---

would apply to "hybrid" suits. *Id.* at 37-38. That section required the *filing* and the *service* to occur within 6 months of the unfair labor practice occurring. *Id.* Even when the Supreme Court had determined that the statute of limitations period would be borrowed and would apply to hybrid claims under the Labor Management Relations Act, that "did not replace any part of the Federal Rules of Civil Procedure. . . . Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is *commenced by filing a complaint* with the court, and Rule 4 governs the procedure for *effectuating service* and the period within which service must be made." *Id.* at 38 (emphasis added). The Court rejected the idea that borrowing a statute of limitations for filing a federal question case would result in also borrowing the different service requirements. *Id.* at 39.

*was filed* ("commenced") well before January 11, 2023. Compl., PageID.22; Def. Mot. To Dismiss, PageID.38. Plaintiff timely delivered his complaint to this Court's clerk through CM/ECF on December 20, 2022—with 22 days to spare. *Id*. By rule, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3.[3] Thus, Plaintiff's civil action was timely filed within IDEA's statute of limitations. Defendant's reliance on cases where the plaintiff missed the statute of limitations in filing its complaint are irrelevant.

While Defendant's arguments under Rules 12(b)(1), 12(b)(2), and 12(b)(6) all concern the timeliness of Plaintiff's suit under Fed. R. Civ. P. 3 and 4 and the relevant statutory requirements of IDEA, Defendant does not attempt to address whether IDEA's statute of limitations is jurisdictional or merely a "claims-processing rule." It might be a difficult question to resolve, but it is not one that needs to be answered for this Court to rule on this motion. *See U.S. v. Wong*, 575 U.S. 402, 409 (2015) ("[T]he Government must clear a high bar to establish that a statute of limitations is jurisdictional."). However Defendant might describe the

---

[3] Though this is not a diversity jurisdiction case, the same would be true under Michigan law. "Pursuant to MCR 2.101(A), '[t]here is one form of action known as a "civil action,"' and, under MCR 2.101(B), '[a] civil action is commenced by filing a complaint with a court.'" *Jaguar Trading Ltd. P'ship v. Presler*, 289 Mich. App. 319, 325, 808 N.W.2d 495, 498 (2010). Putting aside diversity jurisdiction, Michigan also has no "explicit time limitation for bringing civil actions under [IDEA's] Part B," and so the default IDEA rule of 90 days applies. 34 C.F.R. 300.516(b).

statute of limitations concern, whether jurisdictional or a claims-processing rule, that concern is rooted in Defendant's basic misunderstanding of Fed. R. Civ. P. 3 and 4.

Plaintiff is not required to file a Complaint, obtain a summons, *and* serve them prior to January 11, 2023.  Rather, the Complaint must be filed by that date. 34 C.F.R. 300.516(b); *Henderson*, 517 U.S. at 657, fn. 2 ("In a suit on a right created by federal law, filing a complaint suffices to satisfy the statute of limitations."). The issuance of the summons can occur later. Fed. R. Civ. P. 4(b) ("[o]n or after filing the complaint…..").   In fact, the rules contemplate that in certain instances a defendant may waive service of a summons altogether. Fed. R. Civ. P. 4(d)(1). But once a summons is issued, it generally must be served within ninety days, though that timeline can be extended by the Court. Fed. R. Civ. P. 4(m).

The ninety-day timeline for serving a summons is clear on the face of the rule, but the history of Fed. R. Civ. P. 4 provides some clarifying context. The current timeline of ninety days has not always been in place. Prior to 1983, Rule 4 had no time limit as applied to service, but as the Supreme Court explained in *Henderson*, the 1983 revisions to the Federal Rules added a 120-day time limit.[4] 517 U.S. at 662-

---

[4] *See also*, WRIGHT & MILLER, § 1053 Commencement of Action—Construction with Other Federal Rules, 4 Fed. Prac. & Proc. Civ. § 1053 (4th ed. 2022), explaining that prior to the 1983 amendments, some courts required both the filing of the complaint and the issuance of the summons "forthwith" to commence an action and toll the statute of limitations. However, even then, *most* federal courts required only the filing of the complaint to commence the action with the service of process within a reasonable time after. Through the 1983 amendment to rule 4 and *Henderson*, the "Supreme Court has since confirmed that Rule 4 generally preempts inconsistent rules about the timing of service." *Id.*

63. Since then, that 120-day limit has been reduced to 90 days, but courts have discretion to extend the timeline over 90 days, even if no good cause is shown. *Id.*, 517 U.S. at 662-63 (citing Fed. R. Civ. P. 4 advisory committee's note); *see also Chulsky v. Golden Corral Corporation*, 583 F.Supp.3d 1059, 1082 (S.D. Ohio 2022) (acknowledging extension for good cause). Defendant's reliance on *Hixon v. Highsmith*, which concerned the pre-1983 version of the federal rules, is misplaced. 147 F. Supp. 801, 803 (E.D. Tenn. 1957). To the extent that any guidance from the pre-1983 version of the federal rules is necessary, the Sixth Circuit Court of Appeals decision in *United States v. Wahl* is dispositive. *See* 583 F.2d 285, 289 (6th Cir. 1978) (holding that "for limitations purposes, a civil action is commenced upon the filing of a complaint").

Defendant likewise misconstrues *Shelton v. Michigan Turkey Producers Co-op., Inc.* No. 1:13CV441, 2014 WL 4388366 (W.D. Mich. Sept. 5, 2014), as supporting their misinterpretation of Rules 3 and 4. Mot. to Dismiss, PageID.38. *Shelton* addressed a case filed by a plaintiff where "summonses could not be issued . . . because plaintiff failed to name a defendant." *Id.*, at *5. Nothing like that is present in this case. Plaintiff received a properly processed Summons and has timely served it.

Further, Defendant's reliance on *Shelton* rests on the thin reed of one sentence, pulled out of a paragraph that otherwise supports Plaintiff's position. Mot. to

Dismiss, PageID.38. At the end of the *Shelton* paragraph, this Court observed, consistent with U.S. Supreme Court precedent, that once a lawsuit is commenced under Fed. R. Civ. P. 3, by rule, the plaintiff then has ninety days in which to serve the defendant. 2014 WL 4388366, at *5 (quoting Fed. R. Civ. P. 4(c)(1), "The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) . . ."). As of the date of this Response, the current allowable period for service under Rule 4(m), ninety days—in this case, March 20, 2023—has not expired. As discussed below in Part C, Plaintiff properly served Defendant twice—on January 18, 2023, and again on February 28, 2023—both well-within the 90-day limit.

### B. PLAINTIFF'S COMPLAINT IS A SUFFICIENTLY PLED ORIGINAL ACTION IN FEDERAL DISTRICT COURT

In its motion, Defendant makes analogies to appellate practice, and through a misunderstanding of Rules 3 and 4 as applied to IDEA's statute of limitations, tries to invoke questions of subject-matter and personal jurisdiction and failure to state a claim. None of these efforts survives scrutiny.

Defendant's arguments analogizing the present matter to federal appellate practice are unpersuasive and improper. Mot. to Dismiss, PageID.41-43. IDEA civil actions filed following a due process hearing are original actions in federal district court and are not governed by the Federal Rules of Appellate Procedure. 20 U.S.C.

1415(i)(3)(A) ("district courts of the United States shall have jurisdiction . . ."); *Jonathan H. v. Souderton Area Sch. Dist.*, 562 F.3d 527, 529 (3d Cir. 2009) ("We begin by observing that an IDEA action filed in federal district court is properly characterized as an original 'civil action,' not an 'appeal.'"); *Johnson v. Charlotte-Mecklenburg Sch. Bd. of Educ.*, 20 F.4th 835, 844 (4th Cir. 2021) ("An action filed in federal district court under the IDEA . . . is an original civil action, not an appeal from a state administrative agency." (internal citation omitted)); *Ruben A. v. El Paso Indep. Sch. Dist.*, 414 F. App'x 704, 706 (5th Cir. 2011) ("An IDEA cause of action filed in federal district court is properly characterized as an original 'civil action,' not an 'appeal,' and is therefore governed by the Federal Rules of Civil Procedure.").

Defendant's citations to the Federal Rules of Appellate Procedure,[5] its reliance on the case law construing those rules, and its policy points and other arguments drawing on those authorities have no bearing on this case. Returning to what is unambiguous, this case is properly filed with this Court, a federal district court, and this proceeding is governed by the Federal Rules of Civil Procedure, as

---

[5] *See* Mot. to Dismiss, PageID.41-43; *see also* 28 U.S.C. §2107, entitled "Time for appeal to court of appeals," which clearly states that "these rules govern procedure in the United States *courts of appeals*." Fed. R. App. P. 1 (emphasis added).

supplemented by this Court's own local rules. Plaintiff has followed those rules in commencing and serving his original IDEA civil action.

Defendant, however, failed to observe all local rules in filing its Motion to Dismiss. The Western District of Michigan's local civil rules state "[w]ith respect to *all motions*, the moving party shall ascertain whether the motion will be opposed." W.D. Mich. LCivR 7.1(d) (emphasis added). At no time did Defendant attempt to obtain a concurrence on its motion. Such a short meet-and-confer would have saved extensive time for counsel and this Court. Moreover, Plaintiff's counsel attempted to reach Defendant's counsel five times to ensure service of process prior to February 8, 2023, when Defendant's Answer was due. When Defendant's counsel finally responded to Plaintiff's counsel, Defendant's counsel stated only that he was aware of the lawsuit. Though given the opportunity, Defendant's counsel did not attempt to "ascertain whether the motion would be opposed." While Plaintiff would not have stipulated to Defendant's motion, Plaintiff's counsel could have assured Defendant's counsel that service of process would be perfected without the need to file a motion on the issue. Instead, counsel and this Court are forced to spend time analyzing a moot argument. *See infra,* Part C.

\* \* \*

Three of Defendant's bases for its motion to dismiss, Rules 12(b)(1), 12(b)(2), and 12(b)(6), all rely on a misunderstanding of the Federal Rules of Civil Procedure, specifically Rules 3 and 4. We address those bases together below, as all three share the same flawed underlying premise of Plaintiff's Complaint being untimely. Plaintiff's Complaint was timely filed. *See supra*, Part A. Defendant's argument concerning Rule 12(b)(5) is addressed separately in Part C.

To begin, if this Court chooses to view Defendant's Rule 12(b)(1) challenge as a "facial attack," based on the sufficiency of the pleadings alone, the court must accept the allegations in the complaint as true, drawing all inferences in favor of the Plaintiff, and determine whether Plaintiffs have stated a plausible claim. *In re Nat'l Prescription Opiate Litig*., 440 F. Supp. 3d 773, 784 (N.D. Ohio 2020) (citing *Gaylor v. Hamilton Crossing CMBS*, 582 Fed. Appx. 576, 579 (6th Cir. 2014)). This burden is not to be onerous, *id*. (citing *Musson Theatrical Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996)), and Plaintiff has demonstrated this Court's subject-matter jurisdiction through his pleadings. Compl. ¶¶ 1-5, 7-8, PageID.2-5.

If this Court chooses to view Defendant's Rule 12(b)(1) challenge as a "factual attack," a factual attack requires a court to weigh factual evidence to determine if subject-matter exists. *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). To the extent that Defendant would be relying on its concern that Plaintiff's Complaint was not timely filed because the Summons was

not issued and/or served within the statute of limitations period, that concern is misplaced. *See supra*, Part A. Indeed, the fact that Plaintiff's Complaint was timely filed refutes the central underlying premise of all Defendant's arguments under Rule 12(b)(1), 12(b)(2) and 12(b)(6). *See* Mot. to Dismiss, PageID.38 ("An analysis of the applicable deadlines . . . reveals that the Court does not have subject-matter jurisdiction."); PageID.35 (Under Rule 12(b)(2), this "Court lacks [personal] jurisdiction . . . because no Summons was issued until after the applicable 90-day appeal period expired."); and PageID.36 ("Dismissal under Rule 12(b)(6) is proper when the applicable statute of limitations . . . bars the claim.").

Further, Defendant makes no effort to allege deficiencies in the elements of any of Plaintiff's claims as alleged in his Complaint, confirming that its Rule 12(b)(6) argument is simply a variation on its subject-matter and personal jurisdiction arguments. Under the appropriate standard for a typical 12(b)(6) challenge, *see Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009), Plaintiff's Complaint pleads all necessary and sufficient facts for an IDEA civil action following an administrative law judge's decision. Compl., ¶¶ 7-8, PageID.5; ¶¶ 10-42, PageID.6-17. Plaintiff additionally pleads all necessary and sufficient facts to support valid claims of violations of Section 504 of the Rehabilitation Act and the Americans with Disabilities Act. *Id*., ¶¶ 43-59, PageID.17-20.

Instead of attacking the sufficiency of the complaint, Defendant attempts to argue that a Rule 12(b)(6) "dismissal is proper when the applicable statute of limitations (or other statutory deadline) bars the claim." Mot. to Dismiss, PageID.36, citing *Jones v. Bock*, 549 U.S. 199, 215 (2007). This overstates the Court's holding. The Court in *Jones* was clear that the any dismissal analysis hinges only on the Complaint's allegations. *Id.* ("Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the *allegations in the complaint* suffice to establish that ground, not on the nature of the ground in the abstract.") (emphasis added). Plaintiff makes no allegations in his Complaint that show relief is barred by the IDEA statute of limitations. Only Defendant has made such allegations, through its improper and "abstract" conflation of Rules 3 and 4.

### C. PLAINTIFF PROPERLY SERVED DEFENDANT ESTABLISHING PERSONAL JURISDICTION

Defendant's challenge under Rule 12(b)(5) was premature when presented and is now indisputably moot. As an initial matter, "a motion to dismiss on the basis of improper service made during the period for service may properly be denied as premature." *King v. Taylor*, 694 F.3d 650, 661 (6th Cir. 2012). Plaintiff has served Defendant twice within the 90-day window and has established personal jurisdiction over Defendant. Fed. R. Civ. P. 4(m).

A motion under Rule 12(b)(5) challenges the sufficiency of service of process. "The party on whose behalf service of process was made has the burden of establishing its validity." *Metro. Alloys Corp. v. State Metals Indus., Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006). Both evidence within the record and uncontroverted facts in affidavits may be considered. *Metro. Alloys Corp.*, 416 F. Supp. 2d at 563. Under the Federal Rules, "Complaints are not to be dismissed if served within [90][6] days, or within such additional time as the court may allow." *Henderson*, 517 U.S. at 663.

In this case, Defendant is a school district, which is considered a local government. Therefore, the Rules prescribe service of the complaint and summons by "delivering a copy of the summons and of the complaint to its chief executive officer" or following state law's requirements for serving a summons. Fed. R. Civ. P. 4(j). Under Michigan's rules, a plaintiff could serve the summons and copy of complaint upon "the president, the secretary, or the treasurer of a school district." Mich. Ct. Rule 2.105(G). Additionally, Michigan rules allow that

> [t]he service of process may be made on an officer having substantially the same duties as those named or described above, irrespective of title. In any case, service may be made by serving a summons and a copy of the complaint on a person in charge of the office of an officer on whom service may be made and sending a summons and a copy of the complaint by registered mail addressed to the officer at his or her office.

---

[6] *Henderson* was decided in 1996 under an earlier iteration of Rule 4 that allowed 120 days for service of process.

Mich. Ct. Rule 2.105; *Griffin v. City of Sturgis*, No. 1:09-CV-1126, 2010 WL 2681050, at *2 (W.D. Mich. July 6, 2010).

On January 18, 2023, Plaintiff served Defendant the Complaint, PageID.1-23, and Summons, ECF No. 5, PageID.27, through a Process Server. *See* Exhibit A. The Process Server arrived at Defendant's address, 1220 Howard St., Kalamazoo, MI 49008. *Id.* The Process Server asked if Ms. Cindy Green was available. The guard said she was not. *Id.* The process server asked if there was "anyone available that was authorized to accept service." *Id.* The guard called down Kelly Davis who said she was "an Executive Personal Specialist at Kalamazoo Public Schools" and was "authorized to accept service." *Id.* The summons was returned and filed with the Court. ECF No. 6, PageID.28. Plaintiffs have attached an affidavit of the process server's experience consistent with the above facts. *See* Exhibit A. Plaintiff claims, insofar as this Court reviews Ms. Davis's affidavit, it is fair play to allow the Court to also review the process server's affidavit to demonstrate that proper service was effectuated. *McLaughlin v. CNX Gas Co., LLC*, 639 F. App'x 296, 298 (6th Cir. 2016) (The court may consider a document that the "defendant attaches to a motion if the documents 'are referred to in the plaintiff's complaint and are central to her claims.'") (quoting *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997)).

As Ms. Davis now claims she is not authorized to receive service because she reports to Sheila Dorsey-Smith, the Assistant Superintendent, rather than the

Superintendent of Kalamazoo Public Schools, Plaintiff sent a copy of the Complaint and Summons through registered mail on February 16, 2023, to Ms. Dorsey-Smith, Assistant Superintendent for Human Resources, as contemplated under Michigan Court Rule 2.105. *See* Proof of Service, ECF No. 10, PageID.105. Plaintiff additionally sent her the same documents by certified mail on February 27, 2023. *Id.* As Assistant Superintendent for Human Resources, Ms. Dorsey-Smith's duties would be substantially the same duties as a "secretary of a school district," ensuring the orderly operations of the school district and its personnel.

While Plaintiff maintains that initial service of process was effective, out of an abundance of caution, on February 28, 2023, Plaintiff additionally served the Superintendent of Kalamazoo Public Schools, Ms. Cindy Green, the Chief Executive Officer (CEO)[7] of the District, as contemplated under Fed. R. Civ. P 4(j)(2)(a). This service of process occurred on February 28, 2023, well before the March 20, 2023 deadline under the 90-day time limit set by Fed. R. Civ. P. 4(m).  The returned Summons with Proof of Service was filed with this Court on March 7, 2023. ECF No. 9, PageID.103. Defendant's argument on ineffective service of process is moot.

---

[7] Superintendent is "the CEO of the school district." *Interim Superintendent Cindy Green*, KALAMAZOO PUBLIC SCHOOLS, *https://mi50000600.schoolwires.net/domain/65* (last visited Feb. 16, 2023).

In addition to the fact of service being effected already, the Supreme Court views the Federal Rules of Civil Procedure to "embody a strong presumption in favor of deciding matters on the merits." *Chulsky*, 583 F.Supp.3d at 1082 (referring to *Foman v. Davis*, 371 U.S. 178, 181, 83 (1962)). In *Chulsky*, it took 10 months for the plaintiff to properly effectuate service. However, in that case, the defendant appeared and actively defended itself, resulting in no prejudice to the defendant. *Id.*

The present case is distinguished by the fact that Plaintiff properly effectuated service twice in less time than required by Rule 4, but *Chulsky* is like the present case in that Defendant also appeared and has actively defended itself. With notice of the action, Defendant's attorneys filed appearances, shortly followed by its Motion to Dismiss. Similarly, no prejudice has resulted to Defendant in the present case. Defendant's argument regarding ineffective service of process was premature when presented and is now indisputably moot.

CONCLUSION

The lengthy arguments made by Defendant contorting the simple laws and facts on commencing and serving an original IDEA federal action are precluded by a straightforward reading of the Federal Rules of Civil Procedure and the authoritative cases interpreting them, such as *West* and *Henderson*. This Court should deny Defendant's motion, and Plaintiff's action should proceed.

Respectfully submitted,

Dated: March 8, 2023

*/s/ Mitchell D. Sickon*
Mitchell D. Sickon (P82407)
Erin H. Diaz (P80388)
**Disability Rights Michigan**
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
msickon@drmich.org
ediaz@drmich.org

Elizabeth Abdnour (P78203)
**Elizabeth Abdnour Law, PLLC**
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
**MI AECRES**
PO Box 705
Ludington, MI 49431
(231) 794-2379
jbabinski@miaecres.org

*Attorneys for Plaintiffs*

17

## PLAINTIFF'S CERTIFICATE OF COMPLIANCE

This brief complies with W.D. Mich. LCivR 7.2(b)(i) because the word count is [4,159] including headings, footnotes, citations, and quotations, but excluding the case caption, cover sheets, any table of contents, any table of authorities, the signature block, attachments, exhibits, and affidavits from the word count. Microsoft Word from Microsoft Office 365 Pro Plus was used to create this brief.

Dated: March 8, 2023                    /s/ *Mitchell D. Sickon*
                                        Mitchell D. Sickon (P82407)
                                        Erin H. Diaz (P80388)
                                        **Disability Rights Michigan**
                                        4095 Legacy Parkway
                                        Lansing, MI 48911
                                        (517) 487-1755
                                        msickon@drmich.org
                                        ediaz@drmich.org