# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| D.L., <br>       Plaintiff, <br><br> vs. <br><br> KALAMAZOO PUBLIC SCHOOLS, <br><br>       Defendant. | Case No. 1:22-cv-01208 <br><br> Hon. Robert J. Jonker <br><br> Related Case No. 1:22-cv-00838 <br><br> **DEFENDANT'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTION TO DISMISS** |

Mitchell D. Sickon (P82407)
Erin H. Diaz (P80388)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755
msickon@drmich.org
ediaz@drmich.org

Elizabeth Abdnour (P78203)
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn Babinski (P83575)
MI AECRES
P.O. Box 705
Ludington, MI 49431
(231) 794-2338
jbabinski@miaecres.org

*Attorneys for Plaintiff*

David W. Centner (P43071)
Jordan M. Bullinger (P72441)
Marshall W. Grate (P37728)
CLARK HILL PLC
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*

## DEFENDANT'S REPLY BRIEF

Defendant, Kalamazoo Public Schools (the "District"), by its counsel, Clark Hill, PLC, submits this reply brief in further support of its motion to dismiss (ECF No. 7) and to reply to those arguments offered by Plaintiff in his response/brief in opposition (ECF No. 11).

The IDEA provides that an aggrieved party shall "bring a civil action" within 90 days of the decision of the hearing officer. 20 U.S.C. § 1415(i)(2)(A) and (B). Michigan law states that an aggrieved party "may appeal to a court of competent jurisdiction within 90 days after the mailing date of the final decision." Mich. Admin. Code R. 340.1724f(4).

The Administrative Law Judge's Decision and Order from which Plaintiff seeks to appeal is dated October 13, 2022, and it was served the same day. (PageID.49-91). In an effort to appeal the ALJ's Decision and Order, Plaintiff filed his Complaint with Jury Demand in this court on December 20, 2022. (ECF No. 1). The Complaint was filed without a Summons, and without any notice to the putative defendant/appellee. (Docket). Mag. Judge Phillip J. Green conducted a Case Assignment Review on December 21, 2022, concluding that this action was related to another case in which the Kalamazoo Public Schools was not a named party. (ECF. No. 2). On December 22, 2022, the Clerk noted on the docket "SUMMONS NOT ISSUED" and "*Summons Not Provided*." (Docket). Additional attorney appearances for Plaintiff were filed on January 6 and January 10, 2023, but nothing else was filed at that time. (Docket). The 90-day appeal period expired on January 11, 2023, before any proposed Summons was filed or issued pursuant to Fed. R. Civ. P. 4(b) to the putative defendant/appellee, and before any notice to the District.

Subsequently, on January 12, 2023, over three (3) weeks after the Complaint was filed, Plaintiff submitted a proposed Summons to the Clerk. (PageID.26; ECF No. 4). The Summons was issued by the Deputy Clerk on January 13, 2023. (PageID.27; ECF No. 5). Subsequently,

2

Plaintiff's process server made ineffective service attempts on various employees in the District's Human Resources Department on January 18 (PageID.28; ECF No. 6), February 16 (PageID.105; ECF No. 10), and February 27, 2023 (PageID.105; ECF No. 10).  See, Defendant's Brief, pp. 14-16, Exh. B (ECF No. 7, PageID.44-46, 94-95).  Finally, Plaintiff properly served the District by personally serving District Superintendent Cindy Green on February 28, 2023, a total of 138 days after the ALJ's Decision and Order was issued and served. (PageID.103; ECF No. 9).[1]

Excluding the issue of defective/ineffective service, the remaining portion of Defendant's motion to dismiss raises the following question:  under the IDEA, was the mere undisclosed filing of Plaintiff's Complaint in federal court, without a proposed Summons being filed or a Summons to the Defendant being issued, sufficient to meet the 90-day jurisdictional deadline to appeal?

Federal courts are courts of limited jurisdiction. *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 701 (1982).  For that reason, the Court is obliged to dismiss this action "at any time" it decides that "it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).  In the Sixth Circuit, the question of whether or not Plaintiff's mere filing of a Complaint, without a Summons, is sufficient to meet the IDEA's and Michigan law's deadlines to appeal raises a jurisdictional issue:  if a party does not comply with the applicable deadline for filing an IDEA appeal, the district court must dismiss the case for a lack of subject-matter jurisdiction. *Cleveland Heights–Univ. Heights City Sch. Dist. v. Boss By & Through Boss,* 144 F.3d 391, 396 (6th Cir.1998) ("*Boss*").

It is clear from the Sixth Circuit's decision in *Boss* that if a party does not comply with the applicable deadlines for filing an IDEA appeal, even by one day, then the district court must

---

[1] Defendant Kalamazoo Public Schools is a public school district, requiring service pursuant to Fed. R. Civ. P. 4(j)(2) or MCR 2.105(G) and MCL § 380.1641.  Although Defendant had not been properly served when Defendant moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), that failure was corrected on February 28, 2023, prior to the 90-day service period expired under Fed. R. Civ. P. 4(m).

3

dismiss the case for lack of subject-matter jurisdiction.  See, *Northport Public School v* Woods, Case No. 1:11-cv-982; 2013 WL 435962 (W.D. Mich. Feb. 4, 2013), citing*, Horen v. Bd. of Educ. of City of Toledo Pub. Sch. Dist.,* No. 3:12CV00187, 2012 WL 3808902, at *2 (N.D. Ohio Aug.8, 2012) (declining to grant the plaintiff "a reprieve from [the deadline's] constraints because the appeal was merely a day late"); see, also, *R.P. v District of Columbia*, 474 F.Supp.2d. 152, 153 (D.D.C. 2007) (case dismissed because case filed on 91st day).  And in a 2022 decision, also in an IDEA appeal filed one day late, the Kentucky Court of Appeals had the following to say: "When grace to appeal is granted by statute, a strict compliance with its terms is required.  Where the conditions for the exercise of power by a court are not met, the judicial power is not lawfully invoked.  That is to say, that the court lacks jurisdiction or has no right to decide the controversy." *J.M. by & through Minesinger v. Oldham Cnty. Bd. of Educ.*, 647 S.W.3d 279 (Ky. Ct. App. 2022). See, also, *Taylor v Duke*, 896 S.W.2d 618 (Ky.App.1995) ("An appeal from an administrative decision is a matter of legislative grace and not a right, and thus the failure to strictly follow statutory guidelines for the appeal is fatal.").

Here, Plaintiff filed his Complaint on December 20, 2022, which was within 90 days of the ALJ's Decision and Order, but Plaintiff failed to do anything else.  Specifically, Plaintiff failed to submit a proposed Summons, have a Summons issued, arrange for service, place an issued Summons into the hands of a process server, or otherwise provide any notice to the District, until well-after the 90-day period had expired. (PageID.26, 27).  And, it was not until February 28, 2023, over six (6) weeks after the appeal period expired, when Plaintiff finally served the District properly in accordance with the Federal Rules of Civil Procedure and Michigan law. (PageID.103).

Plaintiff argues that this case, like any original "civil action," is commenced by the filing of a complaint with the court. *Brief in Opp.*, pp. 2-4 (PageID.118-120).  In support, Plaintiff cites

4

to *West v Conrail*, 481 U.S. 35, 39 (1987), *Albright v Christenson*, 24 F.4th 1039, 1046 (6th Cir. 2022), *Farley v Koepp*, 788 F.3d 681, 686 (7th Cir. 2015), and other cases, all of which simply point to Fed. R. Civ. P. 3. (Id.).  But all of these cases are true original actions, not appeals from an administrative proceeding with a prior substantive and procedural history.  The reasoning behind the use of the term original civil action by many courts clearly is to indicate that the Federal Rules of Civil Procedure, not the Federal Rules of Appellate Procedure, apply.  Having said that, this case is an appeal from an administrative proceeding, not an original action, which is an important distinction recognized by the Sixth Circuit. See, *Boss*, 144 F.3d at 397.

Merely filing a complaint is not sufficient to "bring an action" in federal court.  Fed. R. Civ. P. Rules 3 and 4, which govern the filing of a complaint and the issuance of summons respectively, must be construed *together* as the joint requirements for properly commencing an action in federal court. *L.G. Defelice & Son, Inc. v. Globe Indem. Co.*, 23 F.R.D. 275, 278 (S.D.N.Y. 1959).

This Court has previously held that filing a complaint and "service of a summons is required to commence a civil action in federal court." See, e.g., *Shelton v. Michigan Turkey Producers Co-op., Inc.*, No. 1:13CV441, 2014 WL 4388366, at *5 (W.D. Mich. Sept. 5, 2014), citing *United States v. Perez,* 752 F.3d 398, 404 (4th Cir.2014).  Service of process pursuant to Rule 4 serves two primary functions in a typical civil action in federal court: it provides formal notice to the defendant to appear and defend against an action that has been commenced in federal court, and it is the means by which the court asserts its personal jurisdiction over the defendant. *See Perez* at 405, citing Henry H. Perritt, Jr., *Jurisdiction in Cyberspace,* 41 Vill. L.Rev. 1, 31 (1996) ("Service of process performs two functions in Anglo–American civil procedure: it represents assertion of judicial power of the forum state over the person of the defendant, and it is

5

the formal means of providing notice to the defendant so that he or she may defend the lawsuit."). This Court's ruling in *Shelton* clearly supports that Federal Rules 3 and 4 must be read together, rather than reading Rule 3 in isolation as Plaintiff argues.

Plaintiff asserts that the instant motion to dismiss is easily resolved by reading Fed. R. Civ. P. Rule 3, but that rule merely provides that "a civil action is commenced by filing a complaint." The U.S. Supreme Court has stated that Rule 3 governs the date from which various timing requirements of the Federal Rules begin to run. *Walker v Armco Steel Co.*, 447 U.S. 740, 750 (1980), citing 4 C. Wright & A. Miller, Federal Practice and Procedure § 1057, pp. 190–191 (1969); *id.*, § 1051, at 165–166.  Here, the question is altogether different.  The question is not, when was this federal case "commenced"? Rather, the question is what are the procedural requirements to "bring a civil action" or "appeal" an administrative ruling under the IDEA?

The plain statutory language of both the IDEA, 20 U.S.C. § 1415(i)(2)(A) and (B), which provides that an aggrieved party shall "bring a civil action" within 90 days, and the Michigan code section, Mich. Admin. Code R. 340.1724f(4), which provides that an aggrieved party "may appeal to a court of competent jurisdiction within 90 days," is determinative of this motion.  An aggrieved party cannot "bring a civil action" or "appeal" to this court without BOTH a Complaint and a Summons, which is consistent with and adds additional support for the Court's prior ruling in *Shelton, supra,* that Rule 3 and Rule 4 must be read together.

Plaintiff is critical of Defendant's use of analogy relating to appeals. Plaintiff's Brief, p. 8 (PageID.124).  Plaintiff's criticism is misplaced, since Defendant was not arguing that the Federal

6

Rules of Appellate Procedure govern in any way.  Rather, the analogy is appropriate to demonstrate the critical distinction that this case involves an appeal.[2]

Unlike a brand new, original action, this appeal follows an extensive procedural history before the Michigan Office of Administrative Hearings and Rules ("MOAHR").  As summarized in the ALJ's Decision and Order, Plaintiff's appeal was proceeded by a procedural history that started on October 22, 2021 when Plaintiff filed his Complaint with the Michigan Department of Education (PageID.49), and was followed by pre-hearing discovery and extensive motion practice before the MOAHR (PageID.49-50), a formal, multiple-day evidentiary hearing held on January 10, 11, 12, and 13, 2022 (PageID.50), extensive witness testimony and other evidence (PageID.55-78), and a Decision and Order dated October 13, 2022. (PageID.49-91).

For the next 97 days, from October 13, 2022, until January 18, 2023, when Plaintiff's process server attempted service by delivery of a copy of the Complaint and Summons to the Human Resources Department, Defendant Kalamazoo Public Schools received no notice of an attempted appeal.  Moreover, proper service that complied with the Federal Rules did not occur until February 28, a total of 138 days after the Decision and Order was issued and served.

Notice of appeal to the interested parties, most importantly to the Appellee, is part and parcel of appellate practice under both federal and state law and consistent with procedural due process.  See, e.g., Fed. R. App. P. 3(a)(1) and (d)(1) and MCR 7.104(D)(9) and MCR 7.105(B)(6).  A successful litigant in an IDEA case or other administrative hearing, from which an appeal is taken by an aggrieved party, is entitled to the same notice and due process.  It was simply not enough that, during the 90-day jurisdictional appeal period following the ALJ's Decision and

---

[2] The governing Michigan statute uses the term "appeal."  The aggrieved party "may **appeal** to a court of competent jurisdiction within 90 days after the mailing date of the final decision." Mich. Admin. Code R. 340.1724f(4). (emphasis supplied).

7

Order, Plaintiff "quietly" filed his Complaint with the Clerk of the Court but didn't have a Summons issued or served to acquire jurisdiction over the putative appellee, the Kalamazoo Public Schools.

Without a Summons being issued and the Complaint and Summons being served, as far as the District was concerned, the 90-day appeal period had come and gone, and the matter was considered closed.  And, like in other appeals, the fact that the Decision and Order had not been appealed had consequences.  Michigan law requires that the public agency "shall implement the final decision and order within 15 school days of the agency's receipt of the final decision and order" and, if required, provide proof of implementation of the decision and order. Mich. Admin. Code R. 340.1724f(5) and (6).  If the District or other putative appellee is not brought into the appeal by the issuance of a Summons, and not provided with service, notice, and related due process, how can it be expected to comply with the requirements of Michigan law and implement the decision or make other changes to comply with the ruling?

Plaintiff's argument, in essence, is that an appeal of an IDEA administrative decision is perfected by the mere filing of a Complaint, without the issuance of a Summons, without anything that grants the Court jurisdiction over the putative appellee, and without notice at the time.  Plaintiff further implicitly argues that the issuance of a Summons and notice of any kind to the Defendant can simply wait for undetermined future time.  Plaintiff's argument, and the natural progression and conclusion drawn from it, renders the 90-day statutory and jurisdictional deadline meaningless.  In fact, the argument effectively expands or enlarges the appeal period from 90 days to up to 180 days (the original 90 days to file a complaint, plus an additional 90 days to have a Summons issued and served before the case must be dismissed under Fed. R. Civ. P. Rule 4(m)).  Plaintiff's argument results in an interpretation that is patently unreasonable as it ignores the plain

meaning of the term "90 days" contained in both the IDEA, 20 U.S.C. § 1415(i)(2)(A) and (B), and in the governing Michigan Administrative Code, Mich. Admin. Code R. 340.1724f(4).[3]

For the foregoing reasons, Plaintiff's Complaint (ECF No. 1) must be dismissed with prejudice.

                                               Respectfully submitted,

                                               CLARK HILL PLC

Dated:  March 22, 2023                       By:   /s David W. Centner
                                                 David W. Centner (P43071)
                                                 Jordan M. Bullinger (P72441)
                                                 Marshall W. Grate (P37728)

                                             200 Ottawa Avenue NW, Suite 500
                                             Grand Rapids, MI 49503
                                             (616) 608-1100
                                             jbullinger@clarkhill.com
                                             dcentner@clarkhill.com
                                             mgrate@clarkhill.com

                                             *Attorneys for Defendant*

---

[3] When looking at the language of a statute, the court "examines the plain meaning of its words." *In re Corrin*, 849 F.3d 653, 657 (6th Cir. 2017).  "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms.'" *Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004).

CLARKHILL\31771\459024\270902891.v1-3/22/23