UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

D.L.,

    Plaintiff,

KALAMAZOO PUBLIC SCHOOLS,

    Defendant.

Case No. 1:22-cv-01208

Hon. Robert J. Jonker

Related Case No. 1:22-cv-00838

Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Nicholas A. Gable (P79069)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, MI 48911
(517) 487-1755

Elizabeth Abdnour (P78203)
Elizabeth Abdnour Law, PLLC
1100 W. Saginaw St., Ste. 4A-2
Lansing, MI 48915
(517) 292-0067

Jacquelyn Babinski (P83575)
MI AECRES
PO Box 705
Ludington, MI 49431
(231) 794-2379

*Attorneys for Plaintiff*

David W. Centner (P43071)
Jordan M. Bullinger (P72441)
Marshall W. Grate (P37728)
CLARK HILL PLC
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*

**FED. R. CIV. P. 26(F) JOINT DISCOVERY PLAN & CASE MANAGEMENT PLAN**

Plaintiff D.L. and Defendant Kalamazoo Public Schools, by and through their counsel pursuant to Fed. R. Civ. P. 26(f), present to this Court the following Joint Discovery Plan.

A Rule 16 Scheduling Conference is scheduled for April 5, 2023, before the Hon. Judge Robert J. Jonker. Appearing for the parties as counsel will be: Mitchell D. Sickon and Erin H. Diaz for Plaintiff and David W. Centner and Jordan M. Bullinger for Defendant Kalamazoo Public Schools.

(1) Jurisdiction: Jurisdiction is conferred upon this Court by the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. §§ 1415(i)(2)(A) and 1415(i)(3)(A); pursuant to 28 U.S.C. § 1331, based upon the federal question raised herein, and 28 U.S.C. § 1343; and pursuant to the Americans with Disabilities Act of 1990 (ADA), as amended, 42 U.S.C. § 12101 et seq., and Section 504 of the Rehabilitation Act of 1973 (Section 504), 29 U.S.C. § 794. Outside of the pending motion, Defendant does not dispute the Court's jurisdiction over Plaintiff's federal claims. This case does not include pendent state claims.

(2) Jury or Non-Jury: This case is to be tried before a jury.

(3) Judicial Availability: The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and to order the entry of final judgment.

(4) Plaintiff's Statement of the Case: Plaintiff brings claims against Defendant Kalamazoo Public Schools (KPS) for violations of the IDEA, Section 504, and the ADA. Plaintiff is a former student of KPS.

During his school career at KPS, Plaintiff was eligible for special education services and entitled to receive a free appropriate public education (FAPE). However, KPS failed to properly identify and evaluate Plaintiff as a student with disabilities eligible for special education services

and failed to provide Plaintiff a FAPE once he was identified as eligible. Routine psychoeducational evaluations would have provided KPS with necessary information for creating an appropriate educational program for Plaintiff. KPS failed to perform basic evaluations and reevaluations, such that Plaintiff was denied a FAPE for several years.[1]

Defendant's Statement of Case: This action is an appeal from Administrative Law Judge ("ALJ") Michael St. John's October 13, 2022 Decision and Order denying the Plaintiff's multi-issue complaint. The Decision and Order followed multiple days of hearing, the development of a voluminous administrative record, and extensive cross-briefing by the parties. In denying the Plaintiff's complaint, ALJ St. John found that the Plaintiff rejected many of the accommodations, supports and services which were offered by the Defendant, which Plaintiff rejected so that he could graduate with his classmates and attend community college to play football. In conclusion, ALJ St. John found that the Defendant offered sufficient services reasonably calculated to enable the Plaintiff to make appropriate progress in light of the Plaintiff's circumstances. Defendant denies liability and damages.

(5) Joinder of Parties and Amendment of Pleadings: The parties agree to file all motions for joinder of parties to this action and to file all motions to amend the pleadings by May 15, 2023.

(6) Disclosures and Exchanges: Rule 26(a) mandates particular disclosures that apply on a self-executing timetable in the absence of contrary court order.

(i) Fed.R.Civ.P. 26(a)(1) Initial disclosures: May 15, 2023.

(ii) Fed.R.Civ. P. 26(a)(2) Expert disclosures:

Plaintiff's expert disclosures: August 15, 2023.

---

[1] In a separate case, D.L. v. Michigan Department of Education, Case No. 22-cv-838, Plaintiff alleges that the Michigan Department of Education knew all of this and failed to correct these issues for Plaintiff and other similarly situated students as the IDEA requires.

3

        Defendant's expert disclosures: <u>September 15, 2023</u>.

        Rebuttal expert disclosures: <u>October 6, 2023</u>.

(iii) Fed.R.Civ.P. 26(a)(3) Pretrial disclosures: <u>To be determined once trial is set</u>.

(iv) The parties are unable to agree on voluntary production at this time. With respect to providing this Court the administrative record, the parties agree to cooperate in producing a full and accurate record.

(v) Initial Disclosure of potential lay witnesses: <u>July 14, 2023.</u>

(7) Discovery: The parties believe that all fact discovery can be completed by <u>September 1, 2023.</u>

The parties recommend the following discovery plan:

Scope of Discovery: Discovery will be needed on the following subjects: KPS's policies and practices concerning initial and ongoing evaluation, data collection and progress monitoring, Plaintiff's educational experience at KPS and Plaintiff's damages; Defendant's affirmative and other defenses; all other relevant subject areas as necessary.

Expert Discovery: Plaintiffs may offer experts on both liability and damages. Defendant may offer experts on the topics of liability and damages.

(8) Disclosure or Discovery of Electronically Stored Information:

The parties will discuss a proposed stand-alone stipulated protective order governing the handling of ESI as well as the handling of confidential information that may be produced in this litigation.

(9) Assertion of Claims Privilege or Work-Product Immunity After Production:

The parties agree that claims of privilege or work product will not be waived in the event of any inadvertent disclosure of such information. The parties agree to deal with claims of privilege

or work-product immunity in the manner set forth in Fed. R. Civ. P. 26(b)(5). If work product, attorney client, or trial preparation privileges are asserted and a document withheld in its entirety, a privilege log will be contemporaneously prepared. If a document is redacted for privilege, the redaction shall state on its face the privileged claimed. As needed, the parties agree to develop in good faith a stipulated protective order covering claims of privilege or work-product. Both parties reserve the right to file a motion for protective order should they fail to agree to a stipulated order.

(10) Motions: The parties anticipate that all dispositive motions will be filed by November 15, 2023.  The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

(11) Alternative Dispute Resolution: The parties agree to engage in settlement negotiations and will request the following method(s) of alternative dispute resolution: voluntary facilitative mediation. The parties' preference is that VFM occur after the Court decides the IDEA claim to provide clarity to the parties and maximize the likelihood of success of the VFM process in resolving all claims. The parties do not agree to submit this matter to case evaluation or early neutral evaluation.

(12) Length of Trial: Counsel estimate the trial will last approximately 5 days, total, allocated as follows: 3 days for plaintiffs' case and 2 days for defendant's case.

(13) Prospects of Settlement: The status of settlement negotiations is: The parties have not yet engaged in settlement discussions but are open to doing so at an early stage in this case.

(14) Electronic Document Filing System: Counsel are reminded that Local Civil Rule 5.7(a) now requires that attorneys file and serve all documents electronically, by means of the

Court's CM/ECF system, unless the attorney has been specifically exempted by the Court for cause or a particular document is not eligible for electronic filing under the rule. The Court expects all counsel to abide by the requirements of this rule.

Respectfully submitted,

/s/ Mitchell D. Sickon
Erin H. Diaz (P80388)
Mitchell D. Sickon (P82407)
Nicholas A. Gable (P79069)
Disability Rights Michigan
4095 Legacy Parkway
Lansing, Michigan 48911
(517) 487-1755
ediaz@drmich.org
msickon@drmich.org
ngable@drmich.org

Elizabeth K. Abdnour (P78203)
1100 W. Saginaw St., Suite 4A-2
Lansing, Michigan 48915
(517) 292-0067
elizabeth@abdnour.com

Jacquelyn N. Babinski (P83575)
MI AECRES
P.O. Box 705
Ludington, Michigan 49431
(231) 794-2379
jbabinski@miaecres.org

*Attorneys for Plaintiff*

Dated: March 29, 2023

/s/ David W. Centner (with consent)
David W. Centner (P43071)
Jordan M. Bullinger (P72441)
Marshall W. Grate (P37728)
CLARK HILL PLC
200 Ottawa Avenue NW, Suite 500
Grand Rapids, MI 49503
(616) 608-1100
jbullinger@clarkhill.com
dcentner@clarkhill.com
mgrate@clarkhill.com

*Attorneys for Defendant*